**Hedrick SMITH, et al., Plaintiffs,**

v.

**Richard M. NIXON, et al., Defendants.**

**Civ. A. No. 76–0798.**

United States District Court,
District of Columbia.

March 16, 1984.

Leon Friedman, New York City, Ralph C. Ferrara, Debevoise & Plimpton, Washington, D.C., for plaintiffs.

Larry Gregg, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiffs in this matter make claims for both monetary and injunctive relief. Defendants' motions for summary judgment on the damages claims are the subject of a separate Memorandum and Order by this Court, dated March 16, 1984, 582 F.Supp. 709. Currently before the Court is Defendants' Motion for Judgment on the Pleadings With Respect to Plaintiffs' Equitable Claims.* The parties are in agreement that plaintiffs' prayer for an injunction with respect to *future* surveillance may be dismissed. The parties do not agree, however, as to the appropriate disposition of materials—in particular, the summary log records—generated in the

---

* Plaintiffs requested that:

"1. This Court enjoin the defendants from any further procurement of interception, use and disclosure and any further interception, use and disclosure of plaintiffs' wire communications.

"2. That defendants Kelley and Levi be ordered to hand up to plaintiffs all records and logs relating to the electronic surveillance of plaintiffs." Amended Complaint at 12.

course of the challenged surveillance. Plaintiffs urge that all copies of the records, except for one set maintained by themselves, be destroyed upon termination of this litigation. Defendants contend that the statutory provisions governing retention and disposal of federal records—found principally at Chapter 33 of Title 44 of the United States Code—may preclude such an order. *See generally American Friends Service Committee v. Webster,* 720 F.2d 29, 36–37 (D.C.Cir.1983). Defendants suggest that destruction may be inappropriate absent an agency determination of whether the materials, under the statutory guidelines, have sufficient "historical" or "research" value to "warrant their continued preservation." 44 U.S.C. §§ 2103, 3303. The Court agrees. The Bureau should be afforded an opportunity to evaluate the materials under the applicable statutory and regulatory standards. Accordingly, it is by the Court this 16th day of March, 1984

ORDERED that the summary log records of the June 4, 1969 through August 31, 1969 surveillance that is the subject of this suit shall not be disclosed or used by anyone, other than plaintiffs or their designees, for any purposes unrelated to these proceedings except as required to fulfill the statutory records preservation and disposal obligations of the Federal Bureau of Investigation and the National Archives and Records Service, without prior approval of the plaintiffs or the approval of this Court upon notice to plaintiffs that such approval was being sought. This Order shall be effected by sealing the records of the summary logs and affixing to the sealed envelope a copy of this Order. It is further

ORDERED that defendants' motion is granted in all other respects.